The first case is Case No. 24-1426, Universal Electronics, Inc. v. Roku, Inc. Mr. Lucas, you reserve three minutes for rebuttal, is that okay? You can proceed when ready. Your Honor, James Lucas on behalf of UEI, may it please the Court, UEI requests that the Court reverse the Board's conclusion that Claims 1-11 and 13-16 of the 276 patent are obvious based on Hart, Fu, and Rosenberg for two reasons. The first, probably going to spend most of my time on, is that the Board's obviousness conclusion is based on a theory that was raised for the first time by Roku in its reply and in its oral argument before the Board, but not included in the petition in violation of the Administrative Procedures Act. What specific theory are you alluding to? Because it seems to me that the original petition was, you know, fairly broad and encompassed pretty much everything that ultimately was at issue. Right, so I mean, I'm going to get into the details, but specifically, if you look at the petition, all of the argument and the expert evidence relates to, when you want to get to the threshold to using Rosenberg's, what we call current or ambient or environmental threshold, and combining that, and if you see, if you look at the petition, everything is about, there's only two types of thresholds. There's predetermined or static, and there's ambient or environmental, the current threshold where you're taking the noise level currently, okay, the entire petition is about that. What happened was, and you'll see, the theories changed over time because they weren't able to show that the Rosenberg current threshold was captured and set before you got voice and before you got the second noise level. So that's kind of like the crux of our position, and I'm going to lay it out, and the way we know these theories changed is, if you look at the motivations, which I just talked about, that's one of the big reasons. The motivations in the petition all talk about, look, it's ambient. You got to choose ambient, as in Rosenberg, that's the current. Could you put us to specific JA pages that would help us see where you think there's this proposed change from the petition to the reply? Sure, I can do that, yes. So if you look at, I'm looking at the petition here. This is, maybe you can refer to the appendix. Sure, appendix 137, it starts at, and if you look at the bottom, a positive would have been motivated to further modify the combination of heart and foo, and that's what we're talking about. We have the heart-foo combination, and now we're doing a further modification, and we want to add this Rosenberg current or ambient threshold, to apply a threshold determined according to an environmental noise level, as disclosed by Rosenberg. You go further down at 138, when they go further and talk about the Rosenberg threshold, the environment in which the device is operating, rather than a predetermined threshold detached from the dynamic operating environment. Later on, appendix 138, very, very clear, look, there's two thresholds, that's it. Their position is there's only two strict thresholds, preset and dynamically captured. That's right at the bottom of appendix 138. They say there are only two, okay? And your contention is the petition is limited to dynamically and not preset? Is that what you're saying? Well, what I'm saying is they never showed that you can use a Rosenberg dynamic beforehand. It's all about current. They only say that that's current, and I'll get into it further, and so there's never, if you look at the claim. There's an argument that they said there's only two types of thresholds, and in the petition they relied on one, and in the reply and the final written decision, they relied on the other. Is that the argument? It's not just that. Is it at least partly that? It's part of that, because what they do in the reply and in the, I'll get into that. What they do in the reply and the oral argument is they say we're not using Rosenberg's threshold anymore. We're using Foo's threshold to get the earlier threshold set. We're setting thresholds with Foo now in the reply. Could you also point us to where in the reply we could look at the pages just for completeness? Yeah, can I just finish one thought with the petition? I definitely want you to answer Judge Stark's question. Sure, sure, sure. With 144, so Appendix 144, that's where you get very clear Rosenberg's teaching of a noise threshold established using ambient noise detected in the device's environment, and then one more spot, I think, that really kind of, so Appendix 148, accordingly Rosenberg teaches a dynamic threshold that advantageously adjusts to the device's current environment, okay? So it's always current, and for relevance to the claim, that's when the voice comes. You get the voice before the current detection. So they're saying use Rosenberg. Now you asked about, Your Honor, and to be clear, it doesn't end there. If you look at, their expert says the same thing, and I just want to really, before I get into the reply, because I want to show you the two differences, Your Honor. At Appendix 1608, 1609, their expert's very clear that we're using Rosenberg, which is a dynamic threshold, to do the current threshold, and that's what we're using to set the threshold. That's also at 1639, Appendix 1639. So their expert's like consistent with the petition, we're using Rosenberg's dynamic threshold. Given the fact that we've got time limits here, why don't you take us to the reply. Okay, so I'll go to the reply, and then I also want to talk about the oral argument, but we'll go to the reply first. Let's go to the reply. Let's just take this in order, okay? And show us the part that you think shows that there was a real change here in theory. Okay, so Appendix 176, this, they still say, they say Foo's teaching, 176, the petition relies upon Foo's teaching of implementing a threshold for determining when to adjust volume output, and Rosenberg's teachings of how to set a threshold. So that's kind of consistent with the petition. Wait, what page? Let me just make sure I have the page that you just said, can you say it again? Sure. Appendix 1716.  So 1716 is the reply, but it's consistent with the petition. It's consistent. Okay. But they start mischaracterizing their petition. But it's consistent. It's consistent. But then we get into, then we get into the, let's get into the oral argument. Wait, no. Let's stick with the reply.  Okay. All right. Just stick with the reply and show us where there's an inconsistency between what was in the original petition and what's in the reply. That's the question I think all three judges want to know the answer to. So I think, and I think we, it's that they, let me just make sure of that because I want to. I think parties can articulate a position in a number of different ways, and the question is whether there was a, a, a significant shift, a significant enough shift in the basis for the petition to warrant taking, you know, the action that you want. No, I agree with that, your Honor. I think what was happening was they were starting to realize that, look, Rosenberg didn't set it, that doesn't set it previously. It's only current and you could start see. And so, so that's what they were doing. I highly recommend you give us the pages in the reply. Right, right, right. If you think show a shift from the petition.  I want to make sure I know where we brought it up. Trying to find the pages that. Okay, so it's, I think it's 1721, 1722 and 1723 when they, they start saying that, look, we weren't just relying on, on Rosenberg to set the threshold. So, at 1722, there was a trial which provides a threshold based on previously received environmental audio signals in view of Hart's continuous recording microphone and Fu's threshold teaching. So, there it's starting. Now, now we're talking about Fu is setting the threshold. And then again, same thing at 1723 in the middle, the teachings of Rosenberg modified the combination. So, that, that's, that's where they start going away from saying, oh, it's just Rosenberg to set the, set the threshold. So, now we do have your full list of pages from the reply that you think causes a shift. Is that correct, counsel? That's the beginning of the shift. But then again. No, no, wait, answer my question. Is that correct? That's correct. Then you get, then we get to the hearing where it's even more expressed, explicit. We see at 2010, as I've explained, we rely on Fu for the threshold. So, I think that's pretty clear. So, the inconsistency is that they originally relied on Rosenberg for the threshold and later they rely on Fu for the threshold? Correct. But are you also saying there's something different about the threshold? There is a difference because Fu is preset. It's predetermined. It never captures anything from the environment. Whereas Rosenberg does current environment. So, Fu could never meet the, could never meet the capturing, the first sound data used to set a threshold from the claim. Okay. So, that's, that's the issue. Wasn't the obviousness theory a combination of Fu, Rosenberg, and I think Hart from the beginning and in the end? That's true. But now we're getting into the motivations. Their whole, remember, Fu is static or predetermined and Rosenberg is strictly current or ambient. And all of their motivations talk about you have to only, you have to only use, use, excuse me, ambient or current like in Rosenberg. And so, that's what, so, and so what happens is you get, you get to the board's decision and then the board is really confused and says, and says it's relying on the petition. But then starts saying you have, that the petition or basically combines predetermined with, with what they call a predetermined with the current or the ambient of Rosenberg. So, I'll get to you, I'll get to that. And that's, let me show you, let's talk about the opinion here, the decision. And counsel, you're coming into your rebuttal time. Do you want to talk about any other issues before? I do, I do want to get into, I do want to get into this. But I think, so, so if you, if you look at, thank you, Your Honor, Appendix 24, now, now the board is saying it's predetermined and it's also dynamic as in Rosenberg with the predetermined threshold as taught in Fu and with establishing such threshold based on the operating environment of a device as in Rosenberg. So, Fu's teaching later on at 24, I have a predetermined threshold with Rosenberg's teaching that such a threshold may be determined based on the volume. So, so I, the point here is that now, now the board is taking, is, is, is using Fu, which is predetermined and, and Rosenberg, which, which is ambient or dynamic, which I keep forgetting. Thank you, Your Honor. And is combining them when the entire petition was, no, you have to use dynamic, you don't use predetermined. And finally, I just, I mean, the inconsistency, like it continues today before this court. I mean, so if you, if you look now, if you look now at what, what the, what Roku is saying is they're actually saying, and I want to just go through it. First, Roku argued that the predetermined is different than dynamic or current, and dynamic is better. So, use Rosenberg. Then, then Roku argued Fu sets the threshold at, at all argument. Then, the board found that Roku argued for a predetermined dynamic threshold, the board's decision. Now, we have Roku saying before this court that it argued in the petition for a predetermined dynamic threshold with dynamic data, and that all thresholds are predetermined. I mean. You're well into your rebuttal time. Okay. Do you want to reserve the rest, or do you want to just keep arguing? I just, I'm, I'm going to stop right here, but I just want to, I want to, I want to point the, the, the panel to 33, the response brief, where now they're saying, Roku's now saying all thresholds are predetermined in the sense they must set prior to use. So, now, it's like further inconsistency that just highlights that the, that the board violated the act. Thank you, Your Honor. Counsel, how do you say your last name? Thank you. Okay. Please step up and proceed. Good morning, Your Honors. May it please the court. Scott McKeown on behalf of Roku, Inc. Appellant's, appellant's argument here is with the institution decision. So, I would direct your attention to the appendix at 1387. What page? 1387, Your Honor. So, towards the top of that page, and again, this is the basis for the institution, the board explained in that first full paragraph, petitioner argues that the use of a predetermined dynamic threshold, per end, based on ambient noise, is one of two possible options for use as a threshold in the proposed combination of HART and FU. So, the board understood from the beginning what the argument was here, which is we relied on HART for the bulk of the claim features. What was missing was any discussion of a threshold. And so, FU teaches the use of a threshold in the same field of endeavor. What FU is missing is that its data is predetermined. In other words, you'll use, for example, 50 decibels all the time. It doesn't use dynamic data. So, it doesn't change that value from the time of day, for example. And so, what's been argued here really is a sleight of hand to confuse the time of setting the threshold with the data itself. So, when we talk about predetermined data in the context of FU, it's predetermined because you use the same data all of the time. And we cited to Rosenberg for the proposition that, well, whether you use a static value or a dynamic value, a dynamic value is known in the ART. And so, that is the reason we point to Rosenberg. And that's also in that same paragraph. Petitioner additionally cites Rosenberg's teaching of a volume threshold determined based on a volume of the ambient signals. This isn't about timing. All of Appellant's argument is about timing. And the crux of it is, well, take Rosenberg, because they determine their threshold at the time they capture the data, and bodily incorporate it into HART. And if you do that, right, you don't have this threshold that exists beforehand. What is your response to opposing counsel's argument that there was a shift in the position from the petition to the reply? My response would be that 1387 makes clear what the instituted ground is, that there is a predetermined dynamic threshold. And if you look at the citations on this page to the petition, and we can walk through those. For example, the petition at – or excuse me, the appendix at 148 makes clear that we are relying on, and the board cited to this not only in its institution decision, but at the final written decision, you can see there on page, appendix 147, excuse me, and carrying over to 148, it is FU's setting of the threshold. FU teaches the threshold. We relied on FU for this idea of, well, if we want to attenuate the volume in one of these systems, and HART doesn't tell us specifics, it's well known to use a threshold. And FU teaches it. Here's this adjustment unit that would provide it that could set the value. The only thing FU does not provide is changing the value of the threshold with a dynamic value. And so for that reason, we're citing to Rosenberg. Nowhere in the petition, nowhere in the board's institution decision or final written decision could there be a ground where only Rosenberg's threshold is used, and not only do we rely on it for data, but somehow we rely on it for the time of setting. That was never the ground in the petition. As pointed out in the decision to institute, it was a predetermined dynamic threshold. That was the ground that was instituted. The arguments here are really attacking the petition. The positions never changed on behalf of the petitioner throughout the trial. It was consistent throughout. The only inconsistency— But the oral argument statement, we're only relying on FU or something to that effect at 2010. So two issues. The oral argument is not part of the trial record. The record was closed at that point. But in any event, what we were saying there is we rely on, just as I said, at Appendix 147, we rely on FU for the general teaching of a threshold and the use of the threshold to compare to the data that's coming in from the microphone. We modify, we further modify, and I think that was raised on Appellant Counsel's opening. It is the HART-FU combination that provides everything, the threshold, but with a static value. To modify that combination, we are bringing in the concept of you can use a value that changes because Rosenberg teaches that. If you go back to the petition, for example, you'll see some further explanation of this. For example, at Appendix 137. So we're talking about here just the HART-FU combination. And you'll see there towards the middle of the paragraph, there's a statement. Adjusting output audio when ambient noise is greater or less than a predetermined threshold was well known in the HART. And Ipposito would have understood that such a method determining when to attenuate output audio advantageously allows the user to set a threshold at a preferable point. Preferable point relates to timing, so you want to set it at a different time. And then over on page 30, it makes it even clearer towards the bottom of that large paragraph there. This is especially critical in a home entertainment environment where different times of day may provide different levels of noise. So the time... I'm referring to Appendix page 138. Yes, yes. Sorry, Your Honor. Appendix 138. So clearly we're talking about FU is setting this threshold when it makes sense, right, at a preferable point in time and using the dynamic data of Rosenberg. That's all there is. I certainly take your point about the oral argument is not the record, but do you... It looks like maybe you do. Do you go on at 2011 to further explain what you meant in the petition about FU and Rosenberg? You pointed out the petition and you're explaining today, but did you also tell the board that? So Appendix 2011, you're talking about which line here, Your Honor? Well, you say the one that they called out was we rely on FU for the threshold. I think this is you speaking, right? Yes, that's correct. Okay. You definitely said we rely on FU for the threshold, but then at the top of 2011, it's also undisputed. HART doesn't compare a current environmental noise level to a previously captured threshold. Again, that is FU, Rosenberg in combination with HART. Is that the same point you're making? Yes, Your Honor. That's the same point. HART does not provide the threshold. FU modifies HART to provide the threshold, again, with Appendix 147, that estimation unit that provides that setting. And do you know if that dispute came up again during the oral hearing with the board? I think the—I can't point you to a page, but the board did ask specifically about, well, in response to patent owners' argument about this threshold issue, well, what about this appendix, page 47, where the petition relies on the setting unit? And so that is in there. It's not on this particular passage, but it is in there. Could you point us to where we could find it in the JA? In the transcript? Yes. I do—I don't know that I have that at my fingertips, but it would be the portion of the transcript where they were talking about the claim chart in the petition. But again, the arguments come down to arguing with the institution decision itself. It was clear that the board instituted the ground on a predetermined dynamic threshold. There's no further questions from me. I'll cede the remainder of my time. Thank you. Give him two minutes of rebuttal time. Thank you, Your Honor. Just really briefly, I heard counsel say that it's about data. Data was never mentioned in the petition. Timing does matter. The board has now held that there's a sequential order to the claim. They never appealed that. That's at Appendix 10. Timing does matter. I now heard that they are saying it's a predetermined dynamic threshold, and that just makes no sense and is illogical because they argued that you have to use a dynamic threshold, not a predetermined. I'm just going to take you to a couple spots really quickly to kind of cap this off. Appendix 138, there's two options, preset and dynamically captured. Use the dynamically captured. They're expert at Appendix 1609. And I think this is – it kind of just sums it up. And in your analysis, you propose using Rosenberg's dynamic threshold set currently in the combination of Hart 786 and Foo. Right. Yes. And the dynamic threshold is different than a predetermined threshold. Is that correct? Yes. So the idea that the board was right when it held that the combination includes a predetermined dynamic threshold makes no sense, was not argued for in the petition. It was actually – they actually argued for the opposite. So I think it's two things. It's inconsistent with the petition, and it's illogical and inconsistent with everything that Roku argued. Any other questions? No. Thank you. Thank you, Your Honors. The case is submitted.